UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHNNIE L. WILLIAMS, | : | Honorable Madeline Cox Arleo |
| Plaintiff, | : | |
| -v- | : | Civil Action No. 07-2376 (SDW) |
| CITY OF ELIZABETH, ATHANASIOS MIKROS, AND JAMES DIORO | : | REPORT AND RECOMMENDATION |
| Defendant(s), | : | |

## BACKGROUND

On or about May 4, 2007, Plaintiff Johnnie L. Williams ("Plaintiff" or "Mr. Williams"), filed a *pro se* Complaint. The Complaint alleges that, during a drug arrest, Defendants Anthanasios Mikros ("Mikros") and James Dioro ("Dioro") used excessive force when arresting Plaintiff. Plaintiff seeks "restitution for his medical bills and for pain and suffering." On May 24, 2007, the Court granted Plaintiff's request to proceed *in forma pauperis*. Defendants Mikros, Dioro, and the City of Elizabeth were served on June 6, 2007. Defendants have each timely filed Answers.

On January 31, 2008, a scheduling Order was issued, directing parties to submit discovery by May 1, 2008. Defendants tried to contact Plaintiff without success to serve him with discovery

requests. Defendants filed a motion to dismiss for lack of prosecution. The Court entered an Order on March 12, 2008 denying the motion to dismiss and directed defendants to re-serve plaintiff with an alternate address, that he provided in his <u>pro se</u> Complaint. Thereafter, in response to defense counsel's letter that they were unable to locate Mr. William, the Court scheduled a conference for April 10, 2008 (Docket Entry #28). The Court served Mr. Williams at all possible addresses. The Order advised Mr. Williams that his failure to appear would result in sanctions, up to and including dismissal of the Complaint. Mr. Williams failed to attend the Court-Ordered conference. On April 15, 2008 an Order to Show Cause was issued, directing Plaintiff to show cause on May 21, 2008 why sanctions should not be imposed, pursuant to FED. R. CIV. P. 16(f), for his failure to comply with the Court's April 10, 2008 Order.

On May 21, 2008, Plaintiff failed to appear as Ordered. To date, Plaintiff has not contacted the Court regarding his failures to appear or his failures to prosecute this action. Additionally, Defendants discovery requests to Plaintiff remain outstanding.

## **DISCUSSION**

Mr. William's failure to prosecute this action and to comply with Court Orders requires this Court to determine the appropriate sanctions to impose. Pursuant to FED. R. CIV. P. 16(f), the Court is authorized to Order the extreme sanction of dismissal when a party has willfully disobeyed pre-trial Orders of the Court and has refused to produce discovery. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d. Cir. 1992).

In <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868 (3d. Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.

This Court applies the Poulis factors as follows.

First, the Plaintiff is proceeding *pro se*. He is, therefore, personally responsible for failing to comply with all discovery obligations and Orders of this Court. Plaintiff has not only failed to produce discovery, but also has failed to attend conferences and to appear as Ordered by the Court. He has not fulfilled his obligation to prosecute his claims against Defendants.

Second, the Court must consider whether the Defendants have been prejudiced by the failure of the Plaintiff to comply with discovery. Here, Plaintiff has failed to produce any discovery. His actions have prevented discovery from commencing and this action from proceeding. I am satisfied that the Defendants have been prejudiced by the Plaintiff's failure to comply with his discovery obligations and this Court's Orders.

Third, the Court must look at whether there is a history or pattern of non-compliance. Here, there is such a pattern. As mentioned above, Plaintiff has ignored his Rule 26 obligations and every Order of this Court. He has not only failed to produce discovery, but also to attend a conference scheduled to address discovery issues. Most recently, he has failed to attend the hearing of May 21, 2008.

Fourth, the Court must consider whether the Plaintiff's non-compliance was willful or the result of bad faith. It appears that the Plaintiff received this Court's Orders, since they have not been returned to the Court. The Orders were mailed to Mr. William's address of record at Riverside

Drive, as listed on the Complaint as well as an alternate address. It should be noted that the letter Order dated March 31, 2008 specifically advised the Plaintiff that his failure to appear would result in sanctions. Nonetheless, he failed to appear as Ordered by this Court. Additionally, Plaintiff has not attempted to contact the Court with regard to the progress of this case. Accordingly, given Plaintiff's failure to appear or to contact this Court, I am satisfied that Plaintiff has made a willful decision not prosecute this case.

Finally, this Court must consider whether alternative sanctions would be appropriate. Plaintiff has been warned that sanctions would be entered if he failed to appear as Ordered on April 10, 2008. This warning has proven to be insufficient. Future Orders, given the pattern and history of non-compliance, would be meaningless. Plaintiff's failure to prosecute indicates that monetary sanctions would be meaningless and inappropriate. The extreme sanction of dismissal, therefore, is warranted.

As to the sixth factor, I cannot determine the meritoriousness of the claim based upon my review of the pleadings.

Five of the six Poulis factors weigh in favor of dismissing the Complaint. Not all of the Poulis factors need be satisfied in order to enter default. Rigatti, 964 F.2d at 1373. Plaintiff had an obligation to prosecute his action and meet the deadlines established by this Court. Here, Plaintiff has failed to both satisfy his discovery obligations and comply with Orders of this Court. Therefore, dismissal in this case is appropriate.

## **CONCLUSION**

For the reasons set forth above, I recommend that Plaintiff's Complaint be dismissed with prejudice. The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**